J. Stephen Peek, Esq., NV Bar # 1758
Richard L. Elmore, NV Bar # 1405
J. Robert Smith, NV Bar #10992
HOLLAND & HART LLP
5441 Kietzke Lane
Second Floor
Reno, NV 89511
P: (775) 327-3000 / Fax: (775) 786-6179
speek@hollandhart.com
relmore@hollandhart.com
jrsmith@hollandhart.com

*Attorneys for Plaintiff Gordon L. Mountjoy & Associates, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GORDON L. MOUNTJOY & ASSOCIATES, INC., a California corporation, | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| RICHARD NELLO CAMPAGNI AND MARY JANE CAMPAGNI, AS TRUSTEES OF THE RICHARD AND MARY CAMPAGNI FAMILY TRUST, DATED JULY 23, 1993, AMENDED IN ITS ENTIRETY ON NOVEMBER 18, 2004, | |
| Defendants. | |

Plaintiff Gordon L. Mountjoy & Associates, Inc. ("Mountjoy") alleges:

## I.   PARTIES

1.   Mountjoy is a California corporation licensed to transact, and was transacting, business in the State of Nevada at all times relevant to this action.

2.   The Richard and Mary Campagni Family Trust dated July 23, 1993, Amended in its Entirety on November 18, 2004, is on information and belief, a trust established under the laws of the State of Nevada.   Defendants Richard Nello Campagni and Mary Jane CAMPAGNI are the Trustees of the Richard and Mary Campagni Family Trust dated July 23,

1

1993, Amended in its Entirety on November 18, 2004 (collectively "Campagni"), and suit is brought against them in their representative capacity pursuant to NRS 163.120.

## II.   JURISDICTION AND VENUE

3.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of California with its principal place of business in the State of California, Defendants are citizens of the State of Nevada, and the amount in controversy exceeds $75,000.00.  Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1) and (2) because all Defendants reside in Nevada, and a substantial part of the events giving rise to the claims occurred in Carson City County, Nevada.

## III.   GENERAL ALLEGATIONS

4.   In the winter of 2006, Campagni contacted Mountjoy about serving as the general contractor to construct an approximately 53,165 square foot Auto Dealership known as Carson City Toyota (the "Project").

5.   Campagni and Mountjoy agreed that Mountjoy would serve as the General Contractor on the Project and that Mountjoy would assist in the pre-construction planning, development and permitting phase of the Project.

6.   Campagni and Mountjoy further agreed that once the plans were finalized and the permits obtained, Mountjoy would obtain subcontractor bids and determine the overall cost of Project.

7.   Consistent with the parties' agreement, in May 2006, Mountjoy's Construction Project Manager, Robert Bollin, began working with Richard Campagni in selecting an architect and consultants to form a construction team to design and construct the facility, including assisting Campagni in securing permits and approvals required to construct the facility.

8. After the construction drawings were prepared and the permits approved, on August 1, 2007, Mountjoy placed a Construction Superintendant, Craig Meinhard, in Carson City, with Campagni's knowledge and approval.

9. Meinhard's task at that time was to competitively bid the Project at the sub-contractor level to establish a final cost for the work, then award the sub-contracts, finalize the permit process and stage the Project for construction.

10. Also with Campagni's knowledge and approval, Mountjoy leased an apartment for Meinhard and arranged for the use of a temporary office provided by Campagni until such time as the construction loan was recorded and Mountjoy could actually occupy the site.

11. Shortly thereafter, on or about September 25, 2007, Mountjoy and Campagni executed a Contract Agreement (the "Contract") for the construction of the Project.

12. Pursuant to the Contract, Campagni agreed to pay Mountjoy the cost of the work, plus a fixed fee of $735,000.00.

13. Exhibit A to the Contract identified the overall price of the Contract as $8,270,987.00, which included the cost of the work, the fixed fee, and a $500,000.00 Reserve Account, among other things.

14. Ultimately, the sub-contractor bids that Mountjoy obtained for Campagni resulted in a cost reduction of $311,066.00 from the original cost of the Project.

15. On October 11, 2007, Campagni issued a letter to Mountjoy pursuant to paragraph six of the parties' Contract authorizing Mountjoy to begin construction of the Project.

16. Campagni, however, decided to delay the start of construction in order to have Mountjoy explore the possibility of reducing the cost of the construction even more.

3

17. In an effort to reduce the cost of construction, Mountjoy recommended removing the freestanding carwash building and detail stalls, attaching the carwash building to the main building, and redesigning the underground site drainage system to an above-ground drainage system. These changes were estimated to reduce the cost of construction by additional $450,000.00 to $500,000.00.

18. The changes and drawings were approved by Campagni.

19. Because of the changes, the start of construction was delayed even more to allow the Architect time to revise and re-submit the plans to the Carson City Building Department for the building permit.

20. On or about February 25, 2008, Robert Bollin, Gordon Mountjoy and Richard Campagni met at Mountjoy's offices to review the drawings regarding the elimination of the car wash building.

21. During that meeting, Mr. Campagni demanded that Mountjoy reduce its fixed fee and threatened that, if Mountjoy would not reduce its fixed fee, he would put the Project out to competitive bid.

22. Given the Contract Mountjoy had with Campagni, the amount of work Mountjoy had already performed, and the amount of work necessary to complete the Project, Mountjoy refused to lower its fixed fee that parties had already agreed upon.

23. On February 27, 2008, Mountjoy sent a letter to Mr. Campagni stating its position on the fixed fee and communicating its expectations to Mr. Campagni that he honor the parties' Contract.

24. Campagni did not respond to Mountjoy's letter.

4

25. Campagni subsequently requested several General Contractors submit bids on the Project, which now included the changes that Mountjoy had made with respect to the car wash and drainage.

26. Because Mountjoy already had a signed contract with Campagni for the Project, Mountjoy did not bid the Project.

27. Despite the parties' Contract, Campagni ultimately awarded the Project to another General Contractor, who on information and belief, completed the Project.

28. Campagni failed to pay Mountjoy pursuant to the parties' Contract or otherwise.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

29. Mountjoy repeats and realleges the allegations of all preceding paragraphs as though fully set forth herein.

30. There exists a valid and binding agreement by and between Mountjoy and Campagni in the form of a Contract Agreement dated September 25, 2007.

31. Pursuant to the Contract, Campagni was obligated to pay Mountjoy the cost of the work plus a fixed fee of $735,000.00.

32. Mountjoy performed all obligations under the Contract, or was otherwise prevented by Campagni from performing them.

33. Campagni breached the Contract by refusing to let Mountjoy complete the Project, requesting other contactors bid the Project, and ultimately selecting another contractor to complete the Project.

34. Campagni also breached the Contract by refusing to pay Mountjoy the cost of the work, plus the fixed fee.

35. As a direct and proximate result of Campagni's breaches of the Contract, Mountjoy has been damaged in an amount in excess of $75,000.00.

5

36. Mountjoy has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover its attorney's fees and costs pursuant to the terms of the Contract.

### SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing)**

37. Mountjoy repeats and realleges each and every allegation contained above as if fully set forth herein.

38. As alleged above, there exists a valid and binding agreement by and between Mountjoy and Campagni in the form of a Contract Agreement dated September 25, 2007.

39. Under Nevada law, every contract imposes upon the contracting parties the duty of good faith and fair dealing.

40. Campagni breached its duty to Mountjoy by performing in a manner that was unfaithful to the purpose of the parties' Contract, including, among other things, demanding that Mountjoy reduce its fixed fee after the Contract was signed and threatening that if Mountjoy did not reduce the fixed fee that Campagni would have other contractors bid the Project.

41. Campagni further breached its duty to Mountjoy by hiring another contractor to complete the Project, thereby undermining the purpose of the parties' Contract.

42. By reason of Campagni's breaches of the implied covenant of good faith and fair dealing, and as a direct and proximate result thereof, Mountjoy has been damaged in an amount in excess of $75,000.00.

43. Mountjoy has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover its attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

44. Mountjoy repeats and realleges each and every allegation contained above as if fully set forth herein.

45. Campagni accepted work and labor from Mountjoy, which Campagni used for its benefit.

46. Despite receiving a benefit in the form of work and labor from Mountjoy, Campagni has failed and/or refused to compensate Mountjoy.

47. Campagni knew, or should have known, that Mountjoy expected payment when Campagni accepted the work and labor from Mountjoy, as evidenced by the Contract with Mountjoy.

48. Campagni has been unjustly enriched by the receipt of the work and labor from Mountjoy, and it would be inequitable to allow them to retain the benefit of such services without compensating Mountjoy.

49. Due to Campagni's unjust enrichment, Mountjoy has been damaged in an amount to be determined at trial of this matter, but in no event less than $75,000.00.

### FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

50. Mountjoy repeats and realleges each and every allegation contained above as if fully set forth herein.

51. Campagni made promises to Mountjoy that Campagni did not keep.

52. Mountjoy relied on Campagni's promises by providing services and labor to Campagni.

53. Because of the nature of the promises, Mountjoy's reliance was both reasonable and substantial.

7

54. Campagni knew, or reasonably should have known, that Mountjoy would rely on Campagni's promises as evidenced by execution of the Contract, all reflecting Mountjoy's expectation of repayment.

55. As a direct and proximate result of Mountjoy's reliance on Campagni's promises, Mountjoy has been injured in an amount to be proven at trial, but in no event less than $75,000.00.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For judgment against the Defendants;

2. For an award of damages in an amount to be proven at trial;

3. For attorneys' fees, litigation expenses and costs as provided by statute, contract and/or equity;

4. For pre-judgment and post-judgment interest in all amounts claimed; and

5. For such other and further relief as the Court deems just and proper.

DATED this 16th day of July 2010

HOLLAND & HART LLP

By_____/s/_____
J. Stephen Peek, Esq., NV Bar # 1758
Richard L. Elmore, NV Bar # 1405
J. Robert Smith, NSB# 10992
Nevada Bar No.
5441 Kietzke Lane
Second Floor
Reno, NV 89511
*Attorneys for Plaintiff*

4849791_1.DOC